UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS (filed December 3, 2013)

## I.  INTRODUCTION & BACKGROUND

On October 22, 2012, plaintiff LP Digital Solutions d/b/a Divistop filed suit against defendant Signifi Solutions, Inc, a Canadian Corporation, erroneously named as Signifi Solutions, Inc., a Delaware Corporation.  Dkt. No. 1.  Plaintiff alleges that defendant breached its contractual obligations by, *inter alia*, failing to provide plaintiff with DVD rental kiosks that had Spanish language capabilities.  Plaintiff asserts two claims for relief, one for breach of contract and one for breach of warranty.[1]

Plaintiff alleges that about a year and a half ago, plaintiff and defendant's Florida-based salesperson, Allan Zinofsky, first had discussions regarding plaintiff's purchase of DVD rental kiosk machines from defendant.  Compl. ¶ 5.  Plaintiff informed Zinofsky that it desired to purchase the machines with Spanish language capability, because the bulk of plaintiff's anticipated DVD rental business would come from Spanish-speaking individuals.  Id. ¶ 6.  Zinofsky allegedly assured plaintiff that the machines would have Spanish language capability upon shipment.  Id. ¶ 7.  Allegedly relying on these representations and others from defendant's Canadian employees, plaintiff entered into an oral contract to purchase four machines for a total price of $67,030; plaintiff alleges it never signed a written contract, and that it paid in full.  Id. ¶ 8.  Defendant, however,

---

[1] Although plaintiff does not expressly state which parts of its complaint comprise plaintiff's claims, fairly read, the complaint appears to assert these two claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

allegedly failed to perform its contractual obligations by failing to provide DVD kiosks with Spanish language capability. Id. ¶ 9.

Plaintiff further alleges that defendants warranted that their machines would require few, if any, repairs, and that the "upload speed" of the machines was sufficient to meet plaintiff's requirements. Id. ¶ 10. Defendant allegedly breached this warranty by: (1) delivering unreliable machines that required frequent repairs; and (2) that had "software and database issues," contrary to defendant's alleged representations. Id. ¶ 11. Plaintiff seeks a return of the price it paid for the machines, in addition to consequential damages in the form of lost sales in the amount of $35,000. Id. ¶ 13.

In support of its allegations, plaintiff offers the declaration of Alberto Lopez, one of the owners of LP Digital Solutions. Decl. of Alberto Lopez, Dkt. No. 13. Lopez testifies that he was contacted by Zinofsky regarding the DVD kiosk machines in early 2011, at which point he was "pressured" into reaching an agreement quickly because of a "special deal" that was available on the machines. Id. ¶¶ 3, 5. Zinofsky "never mentioned" that the terms and conditions provided that the sale would be governed by the law of Canada, and from conversations with defendant's finance department, Lopez understood that he could "only negotiate the payment terms" contained in the invoice. Id. ¶¶ 6, 8. Lopez testifies that he and his partner told defendant that they "were not prepared to agree to the terms and conditions by signing the invoice," but paid the amount provided for anyways because plaintiff feared losing the "special deal." Id. ¶ 9. Lopez states that had plaintiff known it would have had to litigate any claims in Canada, it would not have entered into the deal.

Along with its motion, defendant submits a copy of the invoice it purportedly supplied to plaintiff before the transaction was completed. Decl. of David Dickson ¶ 17, Ex. A. Defendant's Vice President of Finance testifies that customers, including plaintiff, are provided a copy of the invoice in advance and are free to negotiate the terms contained therein; he notes that plaintiff negotiated a different payment plan in conjunction with its purchase. Id. ¶ 19. In addition, the "Terms and Conditions" attached to the invoice provide that the agreement shall be governed by the laws of the Province of Ontario, and that any legal action arising out of the agreement must be filed "in the courts of the Province of Ontario." Id. Ex. A. The agreement also limits defendant's liability to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

the amount plaintiff paid for the goods, disclaiming any liability for consequential or incidental damages, including lost profits. Id.[2] The invoice is not signed by either party.

Relevant to this motion, plaintiff alleges that defendant has its principal place of business in Mississauga, Ontario, Canada, and is incorporated in Delaware. In addition, defendant does not have an agent for service of process in California, and therefore plaintiff alleges that it served defendant in Delaware. Compl. ¶ 2. In addition, plaintiff offers an online article discussing Public Media Works, Inc, which appeared to operate DVD kiosks in California under the "Spot. The Difference" brand. The article touts Public Media Work's use of twenty-five DVD kiosks "from Signifi Solutions, Inc." in Riverside County, California. Nemirow Decl. Ex. 3.[3]

Defendant's Vice President testifies that defendant sells its products through independent contractors all over the world, including much of North America, the United Kingdom, and Africa. Dickson Decl. ¶ 4. Defendant generates this business via its website, which is not directed towards California or any other region in particular. Id. ¶¶ 5–6. Moreover, defendant does not have any employees other than those in Ontario,

---

[2] If this exclusion of liability is enforceable, plaintiff would face an additional hurdle to prosecuting this suit in federal court—the maximum amount in controversy would be no more than $67,030, the amount plaintiff allegedly paid to defendant pursuant to contract. See Cal. Comm. Code § 2719 ("Limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable."). However, because the enforceability of this clause remains an open question, the Court finds that plaintiff sufficiently alleges that the amount in controversy is met. See, e.g., Milgard Tempering, Inc. v. Selas Corp. of Am., 761 F.2d 553, 557 (9th Cir. 1985) ("Only after all of the circumstances surrounding the negotiation and performance of the contract have been determined at trial can the enforceability of the consequential damages limitation be determined.") (applying Washington State's version of the Uniform Commercial Code, the equivalent provision to Cal. Com. Code § 2719(3)).

[3] Defendant objects to plaintiff's counsel's declaration as amounting to a "sur-reply" without leave of court to file one. However, the Court in its discretion considers counsel's declaration, as detailed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

Canada; does not have any offices outside of Canada; does not advertise in any traditional print or broadcast media; has never owned or leased property in California; and has not paid or been required to pay taxes in California. Id. ¶¶ 7–11. In addition, to "an insignificant portion" of defendant's total sales and revenue coming from California sales of its products, defendant conducts all shipping, design, and production from its Canadian headquarters. Id. ¶¶ 12–13.

On December 3, 2012, defendant filed a motion to dismiss for lack of subject matter jurisdiction, or alternatively, to dismiss pursuant to the forum selection clause set forth in the invoice. Dkt. No. 8. Plaintiff opposed the motion on December 19, 2012, Dkt. No. 12, and defendant replied on December 27, 2012, Dkt. No. 15. The Court held a hearing on January 14, 2013, at which the Court offered its tentative conclusion that it lacked personal jurisdiction over defendant. Because counsel for plaintiff proffered new facts at the hearing and sought an evidentiary hearing on the matter, the Court directed plaintiff to submit a declaration setting forth the facts proffered by counsel. Dkt. No. 19. After considering the parties' arguments and the new evidence submitted by plaintiff, along with defendant's objections thereto, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. Each type of personal jurisdiction is discussed below.

### B.  Fed R. Civ. P. 12(b)(3)

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). However, the trial court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2003). The interpretation and enforcement of a forum selection clause is governed by federal law. Id.

## III.  ANALYSIS

### A.  Personal Jurisdiction

#### 1.  General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, ⸺ U.S. ⸺, 131 S. Ct. 2846, 2851 (2011). Whether a defendant's contacts are sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

substantial, continuous, and systematic for an exercise of general jurisdiction depends upon a defendant's "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Mavrix Photo, 647 F.3d at 1224 (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir.2006)); see also Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ("Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). This standard is exacting, "because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).

The Court finds that an exercise of general jurisdiction is unwarranted here. Defendant offers uncontroverted evidence that it does not have any employees other than those in Ontario, Canada; does not have any offices outside of Canada; does not advertise in any traditional print or broadcast media; has never owned or leased property in California; and has not paid or been required to pay taxes in California. Dickson Decl. ¶¶ 7–11. This, in conjunction with defendant's testimonial evidence that only "an insignificant portion" of its total sales and revenue come from California is sufficient to preclude the exercise of general jurisdiction over defendant. Moreover, while maintaining an online store may be sufficient to subject a defendant to general jurisdiction within a forum in some circumstances, a defendant still must have the type of consistent and substantial pattern of business relations to make such an exercise of jurisdiction proper. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1226–27 (9th Cir. 2011) (holding that an interactive website, among other forum contacts, is insufficient for general jurisdiction over a defendant); CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1074 (9th Cir. 2011) (finding no general jurisdiction, where "[the defendant] has no offices or staff in California; is not registered to do business in the state; has no registered agent for service of process; and pays no state taxes."); Bancroft & Masters, 223 F.3d at 1086 (holding that "occasional, unsolicited sales of tournament tickets and merchandise to California residents are insufficient to create general jurisdiction"). Finding no such pattern of activity supported by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

evidence or plaintiff's uncontroverted allegations here, the Court concludes that it may not exercise general jurisdiction over defendant.[4]

### 2. Specific Jurisdiction

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The purposeful availment prong is treated differently in a contracts case. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction ," a court must evaluate four factors to determine whether this prong

---

[4] Plaintiff's argument that because defendant has "for years maintained substantial contacts with Public Media Works" it has "engaged in continuous and systematic activity in California" is not supported by the evidence before the Court. Even if the Court were to consider plaintiff's unauthenticated exhibit, this is not evidence that defendant has "for years" been engaged in substantial business activities in California, sufficient for an exercise of general jurisdiction. The new evidence proffered by plaintiff does not alter this conclusion as to general jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

is met: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state. Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008). "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

  Defendant does not dispute that the second prong is satisfied here; plaintiff's claim arises out of defendant's sale of goods to plaintiff in California, and these goods were subsequently shipped to plaintiff in California. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. at 2851 (specific jurisdiction is appropriate based upon "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation"). Although the Court indicated in its tentative order that the first prong was unmet, after considering plaintiff's supplemental evidence, the Court agrees with plaintiff: Defendant has "purposefully availed" itself of the privilege of conducting business in California, based upon the four factors noted above. First, although the parties' negotiations took place remotely, Lopez testifies in his supplemental declaration that Zinofsky told Lopez that he could visit one of several California locations of Spot Rentals to view one of defendant's DVD kiosks. Supp. Decl. of Alberto Lopez ¶ 3. Lopez also states that Zinofsky advised him that Signifi owned Spot Rentals. Id. ¶ 4. Accepting Lopez's testimony as true, these contacts with the forum, related to the parties' negotiations, supports the exercise personal jurisdiction here.[5] See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 816 (9th Cir. 1988) ("In the *absence* of contractual obligations by SICC, such as sale of goods or services to California residents or a deliberate presence in California, such activity is insufficient to satisfy part one of the minimum contacts test.") (emphasis added).

  Second, the parties' appeared to contemplate "future consequences" when they entered into their contract, as the Court notes that the invoice submitted by defendant

---

[5] The Court overrules defendant's objections on hearsay grounds to Lopez's testimony, as the evidence need not be admissible for purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

provides for "12 months of monitoring" of the kiosks, which is evidence of an ongoing business relationship between the parties. Dickson Decl. Ex. A. See Boschetto, 539 F.3d at 1017 (noting the absence of "any continuing commitments"). Moreover, the agreement that resulted concerns the sale of merchandise from defendant in Canada to plaintiff in California; by consummating this contract with plaintiff, defendant purposefully availed itself of the privilege of doing business in the forum state. While merely selling goods to California residents would likely be insufficient to find specific jurisdiction, see Gray, 913 F.2d at 760–61, the sale of merchandise to a California company for use in California, where plaintiff was allegedly directed to view Signifi-made kiosks at a California location, weighs in favor of a finding of purposeful availment, particularly. Defendant, by allegedly using kiosks located in California in furtherance of its sales to plaintiff, purposefully availed itself of the privilege of doing business in this forum.[6]

Third, although the parties' actual course of dealing ended shortly after it began, it is unclear from the record whether the parties contemplated any future dealings. See Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991) (finding specific jurisdiction where contract at issue would involve "continuing and extensive involvement with the forum"); Easter v. Am. W. Fin., 381 F.3d 948, 961 (9th Cir. 2004) (holding that beneficiaries of deeds of trust are subject to personal jurisdiction in Washington State, because this creates ongoing obligations and reliance on Washington law to protect their property interests in the state). While this factor weighs slightly against specific jurisdiction, taken as a whole, the Court finds that defendant purposefully availed itself of the privilege of conducting business in the forum state, satisfying the first prong for specific jurisdiction.

Moreover, the Court concludes that in light of plaintiff's new evidence, it is reasonable to exercise jurisdiction over defendant. Defendant must "present a compelling case" that the third prong, reasonableness, has not been satisfied, a burden that defendant

---

[6] Plaintiff's counsel notes that "Spot. The Difference," the brand under which some Signifi kiosks were allegedly operated in California, was registered as a trademark under the ownership of Signifi Solutions, Inc., a Canadian Corporation. Nemirow Decl. Ex. 1. The mark appears to have been abandoned in December 10, 2011. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

has not carried here. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991). Plaintiff has offered new evidence that defendant availed itself of the privilege of doing business in California, by the method in which it carried out its sale of goods to a California resident. Second, however, the Court notes that the burden on defendant will not be insubstantial. All of defendant's employees and its relevant witnesses reside in Ontario, Canada, and defendant sells its products all over the globe. See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003) (burden on foreign defendant is mitigated by modern communication and transportation technology, in addition to the defendant's employee's fluency in English). Third, the Court is unaware of any conflict between California and Canadian law; this factor thus also appears to be neutral. Fourth, California has an interest in adjudicating this dispute involving a California corporation, and plaintiff's new evidence heightens this interest, because defendant appeared to have availed itself of the privilege of doing business in California. Plaintiff would also be inconvenienced by litigating in Canada, although this burden is similar to defendant's burden of litigating in California. The remaining factors are either neutral or weigh against jurisdiction; the witnesses to this contract dispute are likely located in both Canada and California. Weighing all of these factors, the Court concludes that defendant has not presented a compelling case that it would be unreasonable to subject defendant to personal jurisdiction in California. See Harris Rutsky, 363 F.3d at 1134 (finding that defendant failed to present a compelling case against personal jurisdiction where balance of factors was "essentially a wash").

Accordingly, the Court finds that exercising specific personal jurisdiction over defendant is proper.

**B.    Forum Selection Clause**

Defendant argues that even if the Court finds it subject to personal jurisdiction in California, the parties' contract contained a forum selection clause, which requires plaintiff to litigate its claims in Canada. The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

Plaintiff's argument that it did not agree to the forum selection clause contained in the invoice is without merit. Although plaintiff or its representatives did not appear to sign the invoice at any point in time, plaintiff acquiesced to its terms by wiring funds to Signifi and accepting receipt of the DVD kiosks in question. See Cal. Comm. Code § 2201(3)(c) (contract for sale of goods greater than $500 is enforceable absent a signed writing once payment has been made and goods accepted by the buyer). Lopez admits in his declaration that he received the invoice prior to wiring any funds to Signifi, and that he did not object to the forum selection clause contained in the invoice. Lopez Decl. ¶¶ 6–9. Contrary to plaintiff's contentions, Signifi had no duty to notify plaintiff of the terms and conditions attached to the contract, including the forum selection clause. Upon receiving the invoice, plaintiff had a duty to read the terms and conditions contained therein, because once the parties' mutually performed according to its terms, the invoice became the parties' operative contract. Accordingly, the Court finds that the parties entered into a valid contract containing a forum selection clause.

Next, forum selection clauses are presumptively valid and will be enforced unless the non-moving party can demonstrate that enforcement of the provision is "unreasonable" under the circumstances. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). Because of this presumption of validity, forum selection clauses should be enforced "absent compelling and countervailing reason" to conclude otherwise. Bremen, 407 U.S. at 12. The non-moving party thus bears "a heavy burden of proof" in opposing enforcement of the clause. Id. at 15. Despite this presumption, the Supreme Court has recognized three situations where enforcement of a forum selection clause is unreasonable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." Murphy, 362 F.3d at 1140 (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir.1998)) (internal citations omitted).

Plaintiff argues that the Court should not enforce the forum selection clause, because defendant had "overwhelming bargaining power" that left plaintiff with no "meaningful choice" but to enter into this contract. In support of its contention, Lopez testifies that plaintiff was "pressured" into entering into the agreement, because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

kiosks were being offered at a discounted price for a limited time. Lopez Decl. ¶¶ 5, 9. Plaintiff also argues that enforcement of the forum selection clause would violate California public policy with respect to consumer protection, and because Canadian courts do not provide for a remedy of specific performance.

     The Court concludes that plaintiff has not carried its burden of proving that enforcement of the forum selection clause would be unreasonable. Plaintiff offers no evidence that such a clause is a product of fraud or overreaching under these circumstances. Plaintiff was not forced, in any sense, to enter into this contract by virtue of defendant's allegedly overwhelming bargaining power; it was plaintiff who sought to acquire these DVD kiosks from defendant. That plaintiff feared it would have to pay more for the machines at a later date does not excuse its obligation to uphold the terms of the contract it actually agreed to, including the forum selection clause. Moreover, in entering into a contract with a Canadian company, plaintiff should have been on notice that a forum selection clause might apply. While the burden for plaintiff of litigating in Canada will no doubt be greater than the burden of litigating in California, this alone does not support a finding that plaintiff will be effectively deprived of its day in court, and plaintiff does not argue to the contrary. In addition, plaintiff's arguments with respect to California public policy are without merit. First, plaintiff offers no evidence that Canadian courts will not provide a remedy of specific performance, even in the unlikely event that plaintiff states a claim that entitles to it to this remedy; plaintiff did not even seek specific performance in its complaint. Second, plaintiff cites to no authority for how, or why, California public policies protecting consumers are implicated in this case. Accordingly, the Court finds that the parties' forum selection clause is enforceable, and therefore the instant suit must be dismissed for improper venue.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**             JS-6

| Case No. | CV12-9067-CAS (FFMx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | LP DIGITAL SOLUTIONS (DBA) DIVISTOP V. SIGNIFI SOLUTIONS, INC. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court concludes that the forum selection clause is enforceable.  Therefore, defendant's motion to dismiss for improper venue is hereby GRANTED.

IT IS SO ORDERED.

                                                                    00   :   00
                                            Initials of Preparer            CMJ